IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
AETNA, INC.,                                                     :
                                                                 :
                            Plaintiff,                           :
                                                                 :
v.                                                               :
                                                                 : CLASS ACTION COMPLAINT
SEEGER WEISS LLP and CHRISTOPHER SEEGER,                         :
Trustees for the Qualified Settlement Fund "A" for               : 07 CIV. 5766
Certain Zyprexa Products Claims and DOES 1, 2, 3, etc.           :
                                                                 :
                            Defendants.                          :
                                                                 : JUDGE DANIELS
---------------------------------------------------------------- x

**NATURE OF THE ACTION**

1.  Plaintiff, Aetna, Inc. ("Plaintiff"), on behalf of itself and a class of health benefit plans covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), brings this action against the trustees of certain identifiable settlement trust funds which have been paid by Eli Lilly & Company ("Lilly") into trust to settle personal injury claims of persons insured by ERISA plans sponsored or administered by Plaintiff and members of the class. Plaintiff and the absent members of the class seek equitable relief under § 502(a)(3) of ERISA, 29 U.S.C. § 1123(a)(3), entitling Plaintiff and the members of the class to restitution to the extent of reimbursement of medical expenses they paid on behalf of settling plan members' medical treatment attributed to their use of Zyprexa.

2.  This case is brought on behalf of non-governmental sponsors and administrators of ERISA health benefit plans ("Health Benefit Plans" or "HBPs") that have medical benefits associated with their members' use of Zyprexa, and which have equitable restitution rights to reimbursement for those benefits from identifiable settlement funds paid by third party tortfeasors to settle claims asserted by such plan members.

3. To date, Lilly has paid more than $1.2 billion into one or more settlement trusts (collectively, the "Trust" or "Settlement Fund") pursuant to a Master Settlement Agreement (the "MSA").

4. While parties to the MSA have reached out to government healthcare payers and established a program with such payers to resolve Medicare and Medicaid liens, the parties to the MSA have not established an effective process for paying reimbursement to HBPs, and have generally failed or refused to notify settlement participants' HBPs of their settlements, depriving plans of their reimbursement rights to money in, or paid from, the Trust.

## PARTIES

5. Plaintiff is a Pennsylvania corporation with its principal place of business located at 151 Farmington Avenue, Hartford, Connecticut.

6. Plaintiff administers HBPs which cover more than 15 million medical members.

7. Plaintiff is entitled to bring this action pursuant to 29 U.S.C. § 1132(a)(3) for the benefit of the employer health benefit plans it administers.

8. Upon information and belief, Defendants Seeger Weiss LLP and Christopher Seeger are trustees of the Trust or otherwise control the disposition of assets paid by Lilly into the Trust pursuant to the MSA.

9. Does 1, 2, 3, etc. are individuals or entities who are known to Defendants but not to Plaintiff, who or which (a) exercise control over the disposition of aforesaid Trust funds; (b) have received medical benefits from class members' ERISA HBPs for medical treatment attributable to their use of Zyprexa and who are owed or have claimed money from the settlement Fund but failed to comply with plan terms requiring notification of HBPs of their claims or

settlements and reimbursement payments to HBPs from the Settlement Fund; or (c) are agents or attorneys of individuals identified in subsection (b) herein.

10. Upon information and belief, Defendant Seeger Weiss LLP is a limited liability partnership with a principal place of business located at One William Street, New York, NY 10004.

11. Upon information and belief, Defendant Christopher Seeger is an individual with a principal place of business located at One William Street, New York, NY 10004.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

13. This Court also has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, as this case involves an amount in controversy in excess of $5,000,000 and Plaintiff and Defendants are citizens of different states.

14. Pursuant to 29 U.S.C. § 1332(e)(2), venue is proper in this Court because Defendants' principal place of business is in the Southern District of New York and the Trust corpus is maintained at Citibank in this district.

## FACTUAL ALLEGATIONS

15. In June, 2005, Lilly, a prescription drug company which sells Zyprexa in the United States, entered into the MSA in an effort to resolve pending and threatened litigation by Zyprexa users.

16. Zyprexa is a prescription drug marketed by Lilly and indicated for use in the United States for short- and long-term treatment of schizophrenia, acute mixed and manic episodes of bipolar I disorder, and maintenance treatment of bipolar disorder. Since Zyprexa was introduced in 1996, it has been prescribed to more than 17 million people worldwide.

17. Pursuant to the MSA, Lilly deposited $700 million into a "Qualified Settlement Fund" within the meaning of Treas. Reg. Sec. 1.468B-1, which was designated as the "Qualified Settlement Fund 'A' for Certain Zyprexa Products Claims" ( the "Settlement Fund"). On information and belief, in January 2007, Lilly deposited an additional $500 million into the Trust pursuant to the terms of the MSA.

18. Pursuant to the MSA, the parties agreed that Citibank N.A. would act as the escrow agent ("Escrow Agent") and that Seeger Weiss LLP, acting through Christopher A. Seeger, would be the trustee of the MSA.

19. The claims which are subject to the MSA include: (a) claims asserted in lawsuits pending in various state and federal courts; (b) claims subject to a tolling agreement; or (c) claims asserted informally. The persons who own such claims are collectively referred to in the MSA as "Participating Claimants."

20. The central allegation of the claims and lawsuits subject to the MSA was that, before September 2003, Lilly inadequately disclosed the risks of certain adverse events associated with the use of Zyprexa, and, as a consequence, Participating Claimants developed diabetes-related or other medical conditions resulting from their use of Zyprexa.

21. Each Participating Claimant who wished to resolve his or her claim pursuant to the terms of the MSA was or is entitled to participate in a claims review process and to receive compensation, if any, as may be awarded by special settlement masters and upon execution of a release in accordance with the terms of the MSA.

22. Pursuant to the MSA, the Settlement Funds are to be used for the resolution and satisfaction of the Participating Claimants' claims; and for administrative expenses, costs and services in connection with the resolution of claims including those incurred by participating law

firms and third parties in creating the settlement fund and in setting up the procedures to implement the claims settlement administration process.

23.   The MSA provided for the appointment of several Special Settlement Masters to manage a claims administration process that included "guidelines and procedures for the administration of the settlement and the establishment of escrow accounts as may be necessary to satisfy all lien holder claims that have been or may be asserted against Participating Claimants in connection with their use of Zyprexa." However, in contrast to the treatment of government payers' liens, in which the parties administering the settlement were instructed to reach out to lien holders to resolve liens, the MSA left resolution of private payers' lien rights to the individual Participating Claimants.

24.   Given that many Participating Claimants are subject to various mental and physical disabilities, and that the structure of the MSA conceals the Participating Claimants' identities from the private lien holders, the predictable result has been that a significant number of private payers' rights have been ignored.

25.   Plaintiff and the absent members of the class paid medical expenses incurred by the Participating Claimants as consequences of Zyprexa-related medical conditions. These benefits were provided to participating Claimants under agreements and coverage documents that give Plaintiff and the absent members of the class: (a) rights of subrogation -- to pursue claims for medical expenses incurred directly against third party tortfeasors who caused the covered medical condition; (b) rights of reimbursement -- which create a lien for restitution from any identifiable funds recovered by the HBP member from a tortfeasor to the extent of the HBPs' Zyprexa-related expenditures for healthcare benefits from the Participating Claimants; (c) rights to prompt notice from covered persons who initiate or settle claims against third party tortfeasors

for medical treatment of Zyprexa-related conditions paid for by such HBPs, and (d) other similar rights that are necessary to protect HBPs' ability to enforce their subrogation and reimbursement rights.

26.   By way of example, an Aetna health plan member (identified as "Claimant A" to preserve confidentiality) acknowledged to Aetna in May 2006, after two written inquiries by Aetna, that Claimant A had developed diabetes and other conditions as a consequence of Claimant A's ingestion of Zyprexa and had pursued a claim in the Zyprexa MDL.   Aetna has paid Claimant A's medical expenses for treatments related to such Zyprexa-related conditions. Claimant A received those benefits under coverage documents providing that:

- …the Plan shall be subrogated to all rights of recovery a covered Plan participant has against any party potentially responsible….

- …the Plan shall be entitled to full reimbursement first from any potential responsible party payments….

- It is the duty of the covered Plan participant to notify Aetna within 45 days of the date when any notice is given to any party, including an attorney, of the intention to pursue or investigate a claim to recover damages….

- The covered Plan participant shall do nothing to prejudice the Plan's subrogation and reimbursement rights and shall when requested, fully cooperate with the Plan's efforts to recover its benefits paid.

27.   After learning that Claimant A was pursuing a Zyprexa-related claim, on May 25, 2006 Aetna wrote Claimant A's legal counsel advising of Aetna's recovery rights and asking that counsel contact Aetna in advance of any settlement in order to resolve Aetna's claim.  After receiving no response to that letter, Aetna, on October 19, 2006, again wrote to Claimant A's counsel, asking counsel to advise in writing the approximate date that Claimant A's claim might be resolved.

28.     Having received no response to its first two letters, on January 15, 2007, Aetna wrote Claimant A's counsel for a third time requesting information on the status of the claim. In late January 2007, Claimant's counsel advised Aetna's counsel by phone that the claim had already settled and that Aetna must submit an itemized claim promptly or funds would be disbursed to Claimant A. In response Aetna's counsel indicated that producing an itemized statement would require a few weeks. On February 8, 2007, Claimant's counsel notified Aetna that it was disregarding Aetna's reimbursement rights and would "assume there is no lien and will be disbursing the totality of the settlement to the client."

29.     This example is illustrative of a wide-scale practice of disregard of reimbursement rights of HBPs in the settlement of Zyprexa claims under the MSA. Based on publicly available information regarding the number of privately insured persons participating in the settlement, Aetna, which covers approximately 7.5% of all insured persons in the United States, should have received several hundred reimbursements from this settlement. Despite having contacted over 60,000 persons on whose behalf Plaintiff paid for part of the purchase price of Zyprexa to inquire about whether such persons are participating in the Zyprexa settlement, Aetna has received less than 150 responses from covered persons acknowledging participation. Aetna has received less than 50 responses wherein the covered persons acknowledged their reimbursement obligations.

30.     Based on publicly available information, Plaintiff believes that the identities of other persons covered by HBPs who are participating in the MSA are identified on lists that were submitted to Lilly with the MSA.

31.     This list of cases and thus the identities of the Participating Claimants are not publicly available. Thus, the identities of the Participating Claimants are known to Lilly and the Defendants but unknown to Plaintiff.

32. Lilly stated publicly that, as of March 31, 2007, the claims of approximately 28,500 claimants were covered by the MSA.

33. On June 13, 2007, Lilly announced it had settled 900 additional Zyprexa cases through the MSA.

## CLASS ALLEGATIONS

34. Aetna brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all ERISA HBPs which (a) paid medical expenses and other costs incurred by the Participating Claimants as alleged consequences of injuries caused by Zyprexa; and (b) whose plan documents or contracts with Participating Claimants entitle such HBPs to a lien upon, or reimbursement from, settlement funds paid by a third party to or for the benefit of Participating Claimants who are their plan members.

35. Excluded from the Classes are the defendants and their officers and directors.

36. The Class consists of thousands of entities which are geographically disbursed throughout the United States, making individual joinder impractical. Fed. R. Civ. P. 23(a)(1).

37. All members of the class are affected in a similar manner, *i.e.*, their rights to restitutionary reimbursement from the settlement trust funds of medical expenses paid by HBPs as a consequence of their clients' ingestion of Zyprexa have been and continue to be ignored and violated.

38. Plaintiff's claims are typical of those of the absent members of the class it seeks to represent. Plaintiff and all of the class members have sustained, and continue to sustain, harm in the same way arising out of the acts complained of herein, *i.e.*, they have been deprived of their reimbursement rights to restitution of medical expenses from the Settlement Fund.

39. Plaintiff will fully and adequately protect the interests of all members of the class it represents. Plaintiff has retained counsel who are experienced in class action and HBP recovery litigation, particularly in the area of prescription drug payments. Plaintiff has no interests which are adverse to or in conflict with other members of the respective Classes.

40. The questions of law and fact common to the members of the class predominate over any questions which may affect only individual members.

41. A class action is superior to all other available methods for the fair and efficient adjudication of these controversies. Plaintiff knows of no difficulty to be encountered in the management of these actions that would preclude their maintenance as class actions.

## FIRST CLAIM FOR RELIEF
## FOR EQUITABLE REMEDIES UNDER ERISA

42. Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiff and the class seek equitable relief in the form of restitution of the amounts which they paid for medical treatments for Participating Claimants attributable to their use of Zyprexa. Plaintiff and the class also seek imposition of a constructive trust over a portion of the Settlement Fund in an amount necessary to fully reimburse Plaintiff and the absent members of the class for such monies. Further, Plaintiff and the absent members of the class seek imposition of an equitable lien to enforce the reimbursement terms of their ERISA plans.

43. Plaintiff and the absent members of the class further seek disclosure (subject to appropriate confidentiality strictures which respect applicable privacy interests) of the identities of the Participating Claimants, the identities of their HBPs and their claims attributable to their use of Zyprexa.

44. Plaintiff and the absent members of the class further seek declaratory relief in the nature of a finding that it is entitled to equitable restitutionary relief to obtain reimbursement from the Settlement Fund.

## PRAYER FOR RELIEF

Plaintiff, on behalf of itself and all others similarly situated, requests that the Court (a) certify a class as set forth above, (b) adjudge and enforce a lien against the Settlement Fund on behalf of Plaintiff and the Class, (c) grant restitutionary equitable relief against Defendants and the Settlement Fund to compel reimbursement to Plaintiff and the Class from the Settlement Fund for Participating Claimants' covered medical costs, claims and expenses, and (d) award all other relief to which Plaintiff or the Class are entitled.

Dated: June 15, 2007

Respectfully submitted,

By: /s/ Richard W. Cohen
Richard W. Cohen (RC-5220)
Peter D. St. Phillip (PS-0726)
LOWEY DANNENBERG BEMPORAD
   SELINGER & COHEN, P.C.
White Plains Plaza - 5th Floor
One North Broadway
White Plains, NY  10601-2310
Telephone:  (914) 997-0500
Facsimile:   (914) 997-0035

OF COUNSEL:

LOWEY DANNENBERG BEMPORAD
  SELINGER & COHEN, P.C.
Gerald Lawrence (GL-9943)
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
Telephone:  (610) 941-2760
Facsimile:   (610) 862-9777

RAWLINGS & ASSOCIATES, PLLC
Mark D. Fischer, Esq.
Jeffrey C. Swann, Esq.
Mark M. Sandmann, Esq.
1700 Waterfront Plaza
325 West Main Street
Louisville, Kentucky 40201-7427
Telephone:    (502) 587-1279
Facsimile:  502) 584-8580

*Attorneys for Plaintiff Aetna, Inc.*